RAWLS, Acting Chief Judge.
On December 7, 1950, John T. Hunter and Joanna E. Hunter, his wife, granted to the City of Jacksonville certain real estate, reserving a life estate in grantor, John T. Hunter, upon the following conditions, viz.:
“The consideration moving to the above grantors from the above grantee is that upon grantee coming into possession of said property, it will, with all convenient dispatch, take proper steps and proceedings that the same will become known as the ‘Cuba Hunter Memorial Park and Playground’, as a tribute and memorial to grantors’ daughter, Cuba Hunter Brehme, who was born in the City of Jacksonville, Florida, December 7, 1910, educated in the public schools of Duval County, graduated from the Florida State College for Women at Tallahassee, June 1, 1932, with the degree of Bachelor of Arts in Education, began teaching the following Fall at Kirby-Smith Junior High School and continued teaching there until run down by a reckless driver as she alighted from a bus May 7, 1943; was a member of Brentwood Chapter Order of Eastern Star, and wife of J. H. Brehme; all of said premises to be maintained and used permanently as such memorial for the uses and purposes herein set forth; and this grant is given with the express understanding, and grantors especially stipulate, that in the event the aforesaid land and premises or any part thereof shall be conveyed by the above grantee or its successors or by the said grantee or successors, abandoned and cease to be used for the purposes herein expressed, then and in that event, the above tract of land shall revert to the grantors’ heirs and assigns, together with the right of immediate possession thereof.”
Grantor, John T. Hunter, died in the year 1958, which terminated the reserved life estate and vested right of possession in the subject property in the City of Jacksonville. On July 7, 1971, appellee-plaintiff, City of Jacksonville, filed the instant complaint in ejectment against appellant-defendant, Wilson H. Hunter, the sole surviving heir of grantors, John T. and Joanna E. Hunter. Judgment upon a jury verdict in favor of the City was rendered, hence this appeal.
The salient point posed by appellant is: The court erred in instructing the jury that “mere delay” in the application of the land for the purposes of the grant will not impair the grant.
*95 On January 11, 1951, the City Commission of Jacksonville, Florida, accepted the foregoing deed on behalf of the City . . for park and playground and recreational purposes, upon the terms and conditions therein defined, same to become known as the ‘Cuba Hunter Memorial Park and Playground’ . . .” From 1951 until institution of the subject complaint, the property was assessed to the City of Jacksonville. The City emphasized the fact that prior to consolidation in 1968, the subject property was located outside the City limits. The uncontradicted testimony was that from the year 1958 until 1968, no affirmative action of any type was taken on the part of the City to develop the subject property as a park and playground. Some evidence was presented by the City that during 1968 internal discussions were had as to plans to build a park in that particular area; and in 1969 more internal discussions were had on the part of City employees and officials . . as to what we could utilize the land for and also what funds would be necessary to develop this property . . . ” In January of 1971, the Superintendent of Parks for the City and another City employee visited with appellant “ . . . primarily on a public relations basis, to let him know that we intended to erect a sign, and he asked us to leave, and so forth.” The record is undisputed that appellant, Hunter, was in actual possession of the property from the time of his father’s death until the instant complaint was filed.
In light of the foregoing evidence, it is our opinion that the trial judge erred in giving the quoted instruction. The basic issue presented to the jury was whether or not the City was entitled to possession on July 7, 1971. In order to arrive at its decision, the jury necessarily had to decide whether the consideration set out in the deed had failed, and to so decide, it was incumbent upon the jury to resolve whether the City had with all convenient dispatch memorialized Cuba Hunter in accepting the land conveyed. The intention of the grantors in conveying the property to the City is clear, that is, for the City to develop a park and playground[1] in memory of their deceased school teacher daughter.[2] Thus, by instructing the jury that “mere delay in the application of the land for the purposes of the grant” will not impair the grant, the trial judge removed the critical question from the province of the jury. If the City could not utilize property lying outside its boundaries, the consideration for the grant failed at the outset. It is undisputed that from the date it was entitled to possession in 1958 until the year this suit was instituted, some 13 years later, the City did nothing towards utilizing this property as contemplated by the consideration set out in the conveyance. With such a weak evidentiary predicate in support of its action in ejectment, the erroneous instruction constituted reversible error.
Reversed and remanded for a new trial.
WIGGINTON, J., and POWELL, GIL-LIS E., Associate Judge, concur.

. 2 The World Book Encyclopedia Dictionary 1492 (1963) defines “playground” as “a piece of ground used for outdoor play, especially by children, often containing equipment for games and sports.”

. The deed impliedly contemplated a memorial plaque to be erected on the park and playground publishing the biography of Cuba Hunter Brehme recited therein.